BEFORE THE UNITED STATES JUDICIAL PANEL

ON MULTIDISTRICT LITIGATION

---

IN RE:                                                                                    MDL Docket No. 2816

Sorin 3T Heater-Cooler System Products
Liability Litigation (No. II)

This Document Relates To:

Eisenbergs v. Sorin Group Deutschland
GmbH, et al (D.S.D. 4:16-cv-04175)

---

**RESPONSE OF DUANE AND JANNA EISENBERG
IN OPPOSITION TO THE MOTION FOR TRANSFER AND
COORDINATION OR CONSOLIDATION UNDER 28 U.S.C. §1407**
*[Electronically Filed]*

Duane and Janna Eisenberg (the "Eisenbergs"), by their counsel of record, submit their Opposition to the Motion for Transfer and Coordination or Consolidation Under 28 U.S.C. §1407 (the "Motion"). The Eisenbergs are Plaintiffs in *Duane Eisenberg and Janna Eisenberg, individually and as husband and wife, v. Sorin Group Deutschland GMBH and Sorin Group USA, Inc.,* in United States District Court for the District of South Dakota, Southern Division, Case 4:16-cv-04175-LLP (the "Eisenberg SD Action"). They oppose the Motion. Duane Eisenberg was infected with a form of nontuberculous mycobacterium ("NTM"), namely *M. chimaera*, in the course of an aortic valve surgery at Sanford Heart Hospital in Sioux Falls, South

1

Dakota in June 2015. The Eisenbergs adopt by reference the Opposition filed by the Anapol Weiss Plaintiffs. The case citations in that Opposition will not be repeated here.

### Status of the Eisenberg SD Action

In the Eisenberg SD Action, the District Court entered a Scheduling Order dated June 28, 2017 that establishes May 1, 2018 as the fact discovery deadline, September 18, 2018 as the expert discovery deadline and July 9, 2019 as the commencement date for jury trial. *See* Docket Entry 42 in the Eisenberg SD Action. The Eisenberg SD Action District Court also entered a Protective Order dated July 7, 2017 that expressly permits the Eisenbergs to share documents produced by Defendants with other Plaintiffs in related cases that are also subject to a Protective Order that protects the confidentiality of produced documents. *See* Eisenberg SD Action Docket Entry 44. Defendants have produced over 325,000 pages of documents in the Eisenberg SD Action. FOIA request compliance has been obtained from the FDC and CDC. Two depositions have been taken, one of the Sanford Medical Center perfusionist and the other of the Quality Assurance Director for Sorin Group USA, Inc. That second deposition was taken in cooperation with the Anapol Weiss Plaintiffs for use in their Iowa and Pennsylvania cases.

### Argument

The statutory prerequisites applicable to the Motion are well-known:

(i)     There must be common questions of fact among the cases;

(ii)    Consolidation must serve the convenience of the parties and witnesses; and

(iii)   MDL transfer and consolidation must be shown to serve the just and efficient conduct of the actions.

28 U.S.C. §1407(a).  Movant bears the burden of persuading the MDL Panel on all three factors.  *In re Best Buy Co., Inc., California Song-Beverly Credit Card Act Litigation,* 804 F. Supp. 2d 1376, 1379 (U.S.J.P.M.L. 2011).

No one of the three factors is determinative, as the MDL panel has repeatedly held.  The Eisenbergs respectfully suggest, however, that the aggregated considerations in the contexts of these cases suggest that they weigh against granting of the Motion.  As described below, the latest combination of circumstances continue to demonstrate that grant of the Motion is not an advisable "last solution after considered review of all other options."  *Id.* at 1378.

There are numerous variances that substantially diminish the advantages of consolidation:

- The dates of infection during surgical procedures range from 2011 to 2016.  In other words, they occurred in entirely different time relationships to the progression of Defendants' knowledge, conclusions, actions, inactions, product instructions, recalls, disclosures and concealments and related FDA regulatory determinations.

- The NTM infections were contracted in at least two dozen different hospitals.

- The 41 cases involve three different strains of NTM with different characteristics.  *M. chimaera* is very slow-growing and can take weeks, months or years to materialize.

- Complaints in the *chimaera* cases allege that the contamination source was factory production in Germany, identified by the FDA, CDC and Defendants themselves in 2014.

- In contrast, *M. abscessus* and *M. fortuitum* are much faster-growing bacteria that likely contaminated the applicable 3T units from sources other than the factory.

- Numerous cases in South Dakota, Iowa, Pennsylvania and South Carolina are well into the discovery process, with discovery deadlines and trial dates in 2018 and 2019, while others are still in relative infancy.  Defendants' prediction of weekly growth in the number of cases, if accurate, only exacerbates this disparity.
- Legal theories vary widely among the cases.

While Defendants cite cases for generalized propositions and make other generalizations about how consolidation will improve convenience and efficiency, the Panel will find precious little specificity in Defendants' Motion papers to suggest any substantial improvement over what existing cooperation among counsel is achieving.

Defendants cite concerns about expert witnesses without consolidation.  This seems overstated.  Presumably Defendants will rely on the same expert witnesses as to subjects that are common to all the cases.  If so, the burden of presenting those reports in each of the cases would be the same with or without consolidation.  If, however, Defendants choose to rely on different experts in different cases on common subjects, then consolidation is useless anyway.  And, of course, expert reports and testimony on subjects that vary from case-to-case are not going to be the subject of material efficiencies by consolidation.  Also for these reasons, perception of one-size-fits-all deposition of testimonial experts seems only wishful.

Defendants' rueful predictions about multiple depositions of European witnesses does prompt at least some empathy.  Yet, it would be vast overstatement to suggest that consolidation would permit or force a limited number of one-size-fits-all fact depositions of European witnesses that would not otherwise occur by cooperation.  By the time Defendants' Motion is heard by the Panel, the two most important European witnesses will have been deposed for the

Iowa and Pennsylvania *chimaera* cases.  But counsel in the *abscessus* and *fortuitum* cases will have different interests for these same witnesses.  Furthermore, what the Defendants discovered and knew in the summer and fall of 2014 and failed to disclose or delayed disclosing to hospitals will have different meaning and emphasis in cases where exposure was before summer of 2014 than it will for, as an example, a plaintiff exposed in June 2015.

In contrast, there is already good reason to believe that even in the absence of consolidation, the touted efficiencies, or at least those most important, are occurring and will occur without it.  The *abscessus* cases are geographically confined to the Southeast.  The epicenter of the *abscessus* cases in South Carolina is already well along in the discovery process in the hands of Judge Hendricks.  The one *fortuitum* case is in South Dakota, but the plaintiff in that case is represented by one of the South Carolina firms participating in the consolidated *abscessus* cases there.  The *chimaera* cases, the majority of which are pending in Pennsylvania and Iowa—along with the one *chimaera* case in South Dakota—are already the subject of substantial cooperation among a limited number of Plaintiffs' counsel.  They are substantially into the discovery process and well on their way to trials.

At the hearing on the previous MDL Motion, Defendants refused to commit to the sharing of documents among the then-existing cases.  Now, however, there are Protective Orders in numerous cases that expressly permit the sharing of Defendants' produced documents despite any previous reluctance.  Efficient progress and management of the growing number of 3T cases benefits dramatically without consolidation by the vast number of documents that should be common to all the cases.  Different segments of that large whole will have different importance

for the cases involving the different strains of NTM.  Because of the Protective Orders that allow sharing, this whole will be available in all the cases.

Earlier this year, the MDL motion by South Carolina Plaintiffs' counsel had at least some baseline logic in the fear that, without consolidation, the various claims against Defendants would be isolated from one another.  In contrast, Defendants' Motion is undermined by the practical reality that Defendants are the masters of their own destiny concerning discovery and likely can achieve by their own cooperation the most important elements of efficiency they tout in consolidation.

So the bottom line is this:  To the extent consolidation can enable efficiencies about issues common to all the cases, those efficiencies are already being achieved by cooperation or are substantially available by Defendants' own willingness to allow discovery to be shared; and to the extent that individual issues pervade in the various cases, consolidation will be of no benefit.  Simply put, there is no effective trumping virtue in consolidation to justify the substantial disruption of pending cases, such as the Eisenberg SD Action, that are well on their way in discovery and toward trial in the chosen districts.

## Conclusion

For the reasons above-stated and those articulated in the responses on behalf of other Plaintiffs, the Eisenbergs respectfully request that Defendants' Motion be in all respects denied. Alternatively, if the Panel is inclined to order consolidation of some or all of the cases, we respectfully suggest and request that (i) the Eisenberg SD Action be excluded or (ii) the Southern District of Iowa be designated as the transferee court.

Respectfully submitted this 28th day of November, 2017.

          CADWELL SANFORD DEIBERT
          & GARRY LLP

   By  _/s/ Steven W. Sanford_____
       Steven W. Sanford
       Stephen C. Landon
       200 E. 10th Street, Suite 200, PO Box 2498
       Sioux Falls, South Dakota 57101-2498
       Phone:  (605) 336-0828
       Fax: (605) 336-6036
       E-mail: *ssanford@cadlaw.com*
              *slandon@cadlaw.com*

*Attorneys for Plaintiffs Duane Eisenberg and Janna Eisenberg, individually and as husband and wife (D.S.D. 4:16-cv-04175)*